## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM GARDNER,**

> **Plaintiff,**

**v.**                                                     **No. 1:25-cv-00873-JHR**

**STATE OF NEW MEXICO, et al.,**

> **Defendants.**

### <u>ORDER TO SHOW CAUSE</u>

Plaintiff asserts civil rights and state-law claims against the State of New Mexico, the Thirteenth Judicial District Court, the New Mexico General Services Risk Management Division ("RMD"), the New Mexico Office of the Superintendent of Insurance ("OSI"), several state officials and a private attorney representing some of the State Defendants. *See* Verified Petition for Claims of civil rights under the Fourth, Sixty [sic], and Fourteenth Amendments via Section 1983 & Section 1985 Conspiracy Against Rights Violations, New Mexico Civil Rights Act, IPRA Violations and Injunctive Prospective Relief at 1, Doc. 1, filed September 8, 2025 ("Complaint"). Plaintiff seeks injunctive and declaratory relief and compensatory and punitive damages. *See* Complaint at 23-24.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to

address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). Plaintiff states the Court has jurisdiction pursuant to *Ex parte Young* and the New Mexico Civil Rights Act. *See* Complaint at 4, 21. However, Plaintiff's short vague references to *Ex parte Young* and the New Mexico Civil Rights Act do not sufficiently establish the Court's jurisdiction over this action.

First, it appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing,*

*Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state and state officials who are sued for damages in their official capacity") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)).  Plaintiff has not shown that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims for monetary damages against Defendants.

Second, it appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities.

> "[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). Thus, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief characterized as prospective." *Id.* (internal quotation marks omitted).

*Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.).  Thus, the *Ex parte Young* exception does not apply to the State, the Thirteenth Judicial District Court, RMD and OSI because they are not state officials.  Plaintiff has not shown that the *Ex parte Young* exception applies to any of the individual Defendants.  The Complaint alleges past violations of his civil rights but does not clearly identify an ongoing violation of federal law.

Third, it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine.  Plaintiff states Defendants violated his right to due process in the following criminal cases in state court: "D-202-CR-2021-[00]737 [tax fraud], D-202-CR-2021-[0]2460 [battery upon a health care worker, DWI] and D-[202-CR-]2023-

3

[0]2004 [practicing dentistry without a license]. Complaint at 3.[1] Plaintiff also states his rights were violated in the following civil cases in state court: (i) *Gardner v. Clarke*, No. D-1329-CV-202301882; (ii) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-1329-CV-202300888; (iii) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-202-CV-202308686; (iv) *Gardner v. Thompson*, No. D-101-CV-20232535; (v) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-101-CV-202300816. *See* Complaint at 15.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

> In addition to the foregoing elements, the Supreme Court has further limited *Younger* to three categories. In *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989), the Court, drawing from its previous *Younger* decisions, said the doctrine applies when the state proceedings are (1) "criminal prosecutions," *id.* at 368; (2) certain "civil enforcement proceedings," *id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *Trainor v. Hernandez*,

---

[1] *See* https://caselookup.nmcourts.gov/caselookup/app.

431 U.S. 434, 444 (1977); *Moore v. Sims*, 442 U.S. 415, 423 (1979)); or (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," *id.* (citing *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987)).

*Covington v. Humphries*, No. 24-1158, 2025 WL 1448661 *3 (10th Cir. May 19, 2025).

The *Rooker-Feldman* doctrine:

bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Fourth, it appears the Court lacks jurisdiction over Plaintiff's request for "reversal of ALL judgements" and "prospective relief [from] the district court's undisclosed orders on May 2025" pursuant to the Anti-Injunction Act. Complaint at 21, 23.

The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:

1. Congress "expressly authorized" an injunction.

2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."

3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an

exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016). The Complaint does not show that any of the three exceptions to the Anti-Injunction Act apply in this case.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint must identify each claim Defendant Plaintiff is asserting against each Defendant and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original). Plaintiff cites three criminal cases and five civil cases in state court but does not indicate in which of those cases each alleged civil rights violation occurred. The amended complaint must clearly identify each alleged violation, the case it occurred in, when it occurred and which Defendant(s) caused the alleged deprivation of civil rights. If Plaintiff seeks injunctive relief, he must clearly describe the injunctive relief he seeks and the Defendants against whom he seeks the injunctive relief. The amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for lack of jurisdiction; and (ii) file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

Hon. Jerry H. Ritter
United States Magistrate Judge