### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

     Plaintiff,

v.                                     No. 1:25-cv-00873-WJ-JHR

STATE OF NEW MEXICO, et al.,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

Plaintiff asserted civil rights and state-law claims against the State of New Mexico, the Thirteenth Judicial District Court, the New Mexico General Services Risk Management Division ("RMD"), the New Mexico Office of the Superintendent of Insurance ("OSI"), several state officials and a private attorney representing some of the State Defendants. *See* Verified Petition for Claims of Civil Rights under the Fourth, Sixty [sic], and Fourteenth Amendments via Section 1983 & Section 1985 Conspiracy Against Rights Violations, New Mexico Civil Rights Act, IPRA Violations and Injunctive Prospective Relief at 1, Doc. 1, filed September 8, 2025 ("Complaint"). Plaintiff seeks injunctive and declaratory relief and compensatory and punitive damages. *See* Complaint at 23-24.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that:

(i)     It appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities due to Eleventh Amendment sovereign immunity;

(ii)  It appears that the Court does not have jurisdiction over Plaintiff's claims for injunctive relief against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities pursuant to *Ex parte Young*;

(iii)  It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine;

(iv)  It appears the Court lacks jurisdiction over Plaintiff's request for "reversal of ALL judgements" and "prospective relief [from] the district court's undisclosed orders on May 2025" pursuant to the Anti-Injunction Act.

*See* Order to Show Cause, Doc. 5, filed September 29, 2025.  Judge Ritter ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint.  *See* Order to Show Cause at 6.

Plaintiff filed an Amended Complaint but did not file a separate response showing why the Court should not dismiss this case.  *See* Amended Complaint for Violations of Civil Rights Under the Fourth, Sixth, and Fourteenth Amendments Section 1983 & Section 1985 Conspiracy Against Rights Violations, New Mexico Civil Rights Act, and Injunctive Prospective Relief, Doc. 6, filed October 20, 2025 ("Amended Complaint").  The Amended Complaint fails to remedy the deficiencies identified by Judge Ritter.

**Eleventh Amendment Sovereign Immunity**

Plaintiff has not shown that the Court has jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities.  "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v.*

*Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015).

"However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign

immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate
> a state's sovereign immunity by appropriate legislation when it acts under Section 5
> of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28
> S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state
> officers acting in their official capacities if the complaint alleges an ongoing
> violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal

citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing,*

*Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms

of the state and state officials who are sued for damages in their official capacity") (citing *Peterson*

*v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)).

Plaintiff incorrectly asserts that the United States Congress abrogated the State's sovereign

immunity by enacting 42 U.S.C. §§ 1983 and 1985.  *See* Amended Complaint at 3, 24. "[S]tates

may not be sued in federal court . . . unless Congress, pursuant to a valid exercise of power,

*unequivocally expresses* its intent to abrogate [Eleventh Amendment] immunity."  *Collins v.*

*Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (emphasis added).  Sections 1983 and 1985 do not

unequivocally express Congress' intent to abrogate States' Eleventh Amendment sovereign

immunity.  "[T]he United States Supreme Court has previously held that Congress did not abrogate

states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983."  *Ruiz v. McDonnell*,

299 F.3d 1173, 1181 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

Plaintiff also incorrectly asserts that the New Mexico Congress waived the State's

sovereign immunity to suits in this Court when it enacted the New Mexico Civil Rights Act.  *See*

Amended Complaint at 3, 24.  The New Mexico Civil Rights Act waives sovereign immunity only

for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.  *See* N.M.S.A. §§ 41-4A-3(B) ("A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.") and 41-4A-9 ("The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*").

Plaintiff has not shown that that the Court has jurisdiction over Plaintiff's claims for monetary damages against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities because he has not shown that the State of New Mexico has consented to suit in this Court or that Congress abrogated the State's sovereign immunity.

### *Ex parte Young* Injunctive Relief

Plaintiff has not shown that the Court has jurisdiction over Plaintiff's claims for injunctive relief against the State of New Mexico, the Thirteenth Judicial District Court, RMD, OSI, and the individual Defendants in their official capacities.

> "[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). Thus, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief characterized as prospective." *Id.* (internal quotation marks omitted).

4

*Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.).

The *Ex parte Young* exception does not apply to the State, the Thirteenth Judicial District Court, RMD and OSI because they are not state officials.  Plaintiff has not shown that the *Ex parte Young* exception applies to any of the individual Defendants because the Amended Complaint does not seek relief characterized as prospective.  Plaintiff states "the injunctive relief sought will be [in] a separate motion to follow." Amended Complaint at 1.  Plaintiff has not filed a supplemental motion to the Amended Complaint describing the prospective relief he seeks.  The "Relief Sought" section of the Amended Complaint states: "3. Resulting in immediate prospective relief the district court's lack of jurisdiction orders on May 2025, officially null and void."  [sic] Amended Complaint at 27.

### *Younger* Abstention and *Rooker-Feldman* Doctrines

Plaintiff stated Defendants violated his right to due process in the following criminal cases in state court: "D-202-CR-2021-[00]737 [tax fraud], D-202-CR-2021-[0]2460 [battery upon a health care worker, DWI] and D-[202-CR-]2023-[0]2004 [practicing dentistry without a license]. Complaint at 3.[1]  Plaintiff also stated his rights were violated in the following civil cases in state court: (i) *Gardner v. Clarke*, No. D-1329-CV-202301882; (ii) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-1329-CV-202300888; (iii) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-202-CV-202308686; (iv) *Gardner v. Thompson*, No. D-101-CV-20232535; (v) *Gardner v. New Mexico Office of the Superintendent of Insurance*, No. D-101-CV-202300816.  *See* Complaint at 15.

---

[1] *See* https://caselookup.nmcourts.gov/caselookup/app.

Plaintiff now states the New Mexico State Defendants violated his due process rights when they conspired against Plaintiff in the three criminal cases which are now "closed." *See* Amended Complaint at 7, ¶ 25. Plaintiff states "There is no state-brought pending litigation against the Plaintiff" but has not set forth specific facts showing that the cases are either ongoing or closed. Amended Complaint at 26. It appears that some of the three criminal cases may be ongoing. State-court records show that Plaintiff filed a motion for change of venue on November 10, 2025, in D-202-CR-2021-00737, and filed a motion to disqualify the state-court judge in each of the three criminal cases on August 7, 2025, in D-202-CR-2023-02004. It appears both motions are pending. Plaintiff "is seeking a reversal of ALL decisions" made by the state court. Amended Complaint at 24.

Judge Ritter notified Plaintiff that the *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court," is jurisdictional, and applies when there are ongoing state criminal proceedings and certain state civil enforcement proceedings. *See* Order to Show Cause at 4-5 (notifying Plaintiff of the factors courts consider in determining whether *Younger* abstention is appropriate and that *Younger* abstention is non-discretionary and must be invoked once the three conditions are met). Judge Ritter also notified Plaintiff that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction where the relief requested would necessarily undo the state court's judgment and applies to a party losing in state court seeking appellate review in this Court of the state court judgment based on the losing party's claim that the state court judgment violates the loser's federal rights. *See* Order to Show Cause at 5. The Amended Complaint does not address whether *Younger* and/or *Rooker-Feldman* deprive the Court of jurisdiction.

**Conclusion**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988).

The Court concludes it does not have jurisdiction over this case.  Judge Ritter notified Plaintiff of several jurisdictional deficiencies.  The Amended Complaint did not remedy those deficiencies and Plaintiff has not otherwise shown that the Court has jurisdiction over this action.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Plaintiff also asks the Court to order Defendants to preserve evidence concerning Plaintiff.  *See* Motion for Order to Preserve Evidence, Doc. 8, filed October 27, 2025 ("Motion").  The Court denies Plaintiff's Motion because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Motion for Order to Preserve Evidence, Doc. 8, filed October 27, 2025, is **DENIED.**

/**s**/

_____
**WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE**